**NOT FOR PUBLICATION**                                             **CLOSED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JUNG NEY SUK, | : | |
| | : | |
| Petitioner-Plaintiff, | : | |
| | : | Civil Action No. 06-5675 |
| | : | |
| v. | : | **ORDER AND OPINION** |
| | : | |
| ALBERTO GONZALES, et. al. | : | Date: April 23, 2007 |
| | : | |
| Respondents. | : | |

**HOCHBERG, District Judge:**

This matter coming before this Court upon Plaintiff's November 27, 2006 Petition for Mandamus pursuant to 28 U.S.C. §1361 and Defendants' February 21, 2007 Motion to Dismiss; and

it appearing that a motion to dismiss under Rule 12(b)(6) should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved," *see Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997);[1] and

it appearing that Plaintiff brought this action against Defendants to "to compel action on

---

[1] Although a court does not need to credit a complaint's "bald assertions" or "legal conclusions," it is required to accept as true all of the allegations in the complaint as well as all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the plaintiff. *Morse*, 132 F.3d at 906, *citing Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). *See also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997). In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the Plaintiff's claims are based on those documents. *Pension Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1992).

an application for an adjustment of status (form I-130/485) properly filed by the Plaintiff on November 28, 2005.  The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment," *see* Plaintiff's Complaint at 1;[2] and

it appearing that the Mandamus Act provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," *see* 28 U.S.C. §1361, and that the Supreme Court has decreed that mandamus is an "extraordinary remedy" and that a writ pursuant to 28 U.S.C. §1361 will "issue only to compel the performance of a 'clear nondiscretionary duty,'" *see Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (*quoting Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); and

it appearing that for a Petition for Mandamus, Plaintiff must demonstrate both that she has (1) no other adequate means to attain the relief desired, and (2) a "clear and indisputable right" to the writ, *see Stehney v. Perry*, 101 F.3d 925, 934 n.6 (3d Cir. 1996) (*quoting Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (internal citations omitted)); *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995); and

it appearing that even when these requirements are met, "the issuance of the writ is largely discretionary," *Hahnemann University Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996); and

---

[2] According to the Complaint, Plaintiff Jung Ney Suk is a citizen of South Korea, and she entered the United States on August 9, 1992 on a B-2 visa.  She married a U.S. citizen on September, 29 2005, and a Visa Petition, Form I-130, was filed with the Department of Homeland Security ("DHS") by her husband on her behalf on December 2, 2005.  Plaintiff also filed a Form I-485, Application to Register Permanent Residence or Adjust Status.

it appearing that on March 3, 2006, DHS administratively closed Plaintiff's Application to Adjust Status because Plaintiff is the subject of a final removal order, issued March 5, 2004 by Immigration Judge Paul Johnston in Atlanta, Georgia, *see* Defendants' Motion to Dismiss, Gallagher Declaration, Exhibit B; and

it appearing that "In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file," *see* 8 C.F.R. §1245.2(a)(1); and

it appearing that DHS cannot consider Plaintiff's Application to Adjust Status because Plaintiff is subject to a final notice of removal and the Immigration Court has jurisdiction over her removal; and

it therefore appearing that Plaintiff has failed to state a claim under the Mandamus Act because (1) she has other adequate means to attain the relief desired, and (2) she does not have a "clear and indisputable right" to the writ, *see* 28 U.S.C. §1361 and *Stehney*, 101 F.3d at 934 n.6; and

it appearing that Plaintiff argues in her Complaint that the March 5, 2004 removal order is void for lack of notice, *see* Plaintiff's Complaint at ¶14;[3] and

---

[3] Plaintiff states that "On March 3, 2006, Plaintiff, to her surprise, received notice that her adjustment of status application was closed because Plaintiff was allegedly subject to removal proceedings. However, Plaintiff at no time recalls ever being placed in removal proceedings. Nor was an explanation given as to why she was in removal proceedings." *See* Plaintiff's Complaint at ¶14. Immigration Judge Paul Johnston's March 5, 2004 decision noted that Jung Ney Suk failed to appear at her removal hearing, even though "the respondent [Jung Ney Suk] was provided written notification of the time, date, and location" and "the respondent was also provided a written warning that failure to attend this hearing, for other than exceptional circumstances, would result in the issuance of an order of removal in the respondent's absence

it appearing that a United States District Court lacks jurisdiction to review any removal order of any alien and that the exclusive means of review of an administrative order of removal, deportation, or exclusion is a "Petition for Review" in the United States Court of Appeals, *see* Section 106(a) of the REAL ID Act, P.L. 109-13, Div. B, 119 Stat. 231;[4] and

it therefore appearing that, in accepting all of Plaintiff's claims as true under the Rule 12(b)(6) standard, Plaintiff's Petition for Mandamus does not state a legal claim upon which relief can be granted;

**IT IS** on this 23rd day of April, 2007,

**ORDERED** that Defendants' February 21, 2007 Motion to Dismiss is **GRANTED**; and it is

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

provided that removability was established."

[4] The March 3, 2006 letter from the U.S. Citizenship and Immigration Services to Plaintiff stated that, "You may continue to pursue the application for adjustment of status during your removal proceedings, however, this request must be made through the Immigration Judge by filing a 'Motion to Reopen' with the immigration court that has jurisdiction over your removal proceedings." If Plaintiff files a Motion to Reopen before the Immigration Judge and the final order of removal is upheld, Plaintiff may petition the Immigration Judge's decision to the Board of Immigration Appeals; if the Board of Immigration Appeals' decision is unfavorable, Plaintiff can appeal the decision to the United States Court of Appeals for the Eleventh Circuit, which will have jurisdiction pursuant to a Petition for Review, *see* Section 106(a) of the REAL ID Act, P.L. 109-13, Div. B, 119 Stat. 231.